IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                                                         ORDER

                Plaintiff,

                                                       3:07-CV-00715-bbc

     v.

SEAN SALTER; GREG GRAMS
and BURT TAMMINGA,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Mark Marshall is a prisoner presently confined at the Waupun Correctional Institution in Waupun, Wisconsin.  In this case, he has chosen to prosecute two claims that were severed in accordance with George v. Smith, 507 F.3d 605 (7th Cir. 2007), from another of his cases, Marshall v. Nickel, 3:06-cv-00617-bbc.  Those two claims are:

1) While plaintiff was in segregation status at the Columbia Correctional Institution, a disciplinary committee denied him access to out-of-cell exercise for an unspecified period of time.  Defendant Salter implemented this restriction, defendant Tamminga dismissed plaintiff's inmate complaint about the restriction and defendant Grams upheld the dismissal; and

1

2) For approximately two and a half months beginning on or about January 23, 2006, and ending when plaintiff was moved to a different part of the segregation unit at the Columbia Correctional Institution, defendant Salter allowed plaintiff to be exposed to the strong smell of other prisoners' feces and urine, which created "sickly physical reactions, such as vomiting, dizziness, blurry eyes, sore throat [and] loss of appetite."

Before the Court of Appeals for the Seventh Circuit announced its decision in George, I had allowed plaintiff to proceed in case no. 3:06-cv-00617-bbc and another case, Marshall v. Kingston, 3:07-cv-00173-bbc, on multiple unrelated claims against multiple defendants, including the claims now raised in this case.  These two massive lawsuits proved by the scattershot nature of the claims alone to be unusually complicated.  As the cases progressed, it became clear that plaintiff was not capable of moving the cases forward.  Therefore, on October 2, 2007, I stayed the proceedings in both cases and began to search for a lawyer who might be willing to assist plaintiff.  The search proved futile for weeks.  Recently, however, plaintiff made the decision to dismiss voluntarily all of his claims in case nos. 3:07-cv-00173-bbc and 3:06-cv-00617-bbc except his claims relating to his medical and mental health care and the claims he has chosen to pursue in this action.  Pam McGillivray and Carlos Pabellon have agreed to represent plaintiff in his other two cases.  They are likely to expend significant time and resources to insure that plaintiff's concerns relating to his medical and mental health care are resolved fairly.  It is not surprising that they are unable to assist plaintiff on

2

his claims in this case.

At this point, I am unwilling to delay the progress of this lawsuit in order to continue the search for a second lawyer to help plaintiff with this case. It is true that plaintiff has severe mental health problems. The record in his other two cases reveal that he has engaged in bouts of uncontrolled behavior which may or may not be reduced if he were to change his admitted reluctance to take certain medications. He has exhibited an inability to follow instructions in some instances, but the ability to follow them perfectly in other instances. For example, his response to this court's orders advising him of the holding in <u>George</u> and requiring his direction about what he wished to do with his separate claims was exceptionally clear and sensible.

The issues to be decided in this case are simple. How much out-of-cell exercise did plaintiff get while he was in the segregation unit at the Columbia Correctional Institution and did he suffer serious health effects from the stench of noxious odors? Before these claims were severed from case no. 3:06-cv-617-bbc, defendants had moved for summary judgment on all of plaintiff's claims. Their proposed findings of fact numbered upwards of 400. It should be a relatively simple matter for them to revise their motion, proposed findings of fact and brief to exclude facts unrelated to the two claims in this lawsuit. It should be similarly simple for plaintiff to produce institution records showing how often he was permitted out-of-cell exercise and medical records that might show what serious health

3

effects, if any, he suffered because of the smell in his cell block or the lack of exercise. At this time, I am not convinced that plaintiff's chance of succeeding on these claims would be altered meaningfully if he had the help of a lawyer.

## ORDER

IT IS ORDERED that

1. The stay imposed in this case on October 2, 2007 is LIFTED.

2. The decision to grant plaintiff's motion for the appointment of counsel entered in case no. 3:06-cv-617-bbc is RESCINDED with respect to the claims raised in this case.

3. A status conference will be held by telephone on February 21, 2008 at 9:30 a.m. before United States Magistrate Judge Stephen Crocker. Defendants' counsel is requested to arrange the call.

Entered this 29th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge