IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK D. MARSHALL,

        Plaintiff,                              ORDER

v.

                                             07-cv-715-bbc

SEAN SALTER,, *et al.*,

        Defendants.

      This is a civil rights case in which plaintiff Mark D. Marshall has been granted leave to proceed on his claims that the defendants violated his constitutional rights by depriving him of exercise for disciplinary reasons and for exposing plaintiff to the smell of human feces and urine for prolonged periods of time. Before the court is plaintiff's motion to compel more complete answers to his requests for production of documents (RFPs) 1, 4 and 5, as well as responses to his requests for admission (RFAs) 1, 2 and 3. *See* Dkt. 11. Defendants oppose the motion, contending that their discovery responses speak for themselves and are adequate. *See* Dkt. 12. Defendants are correct and I am denying plaintiff's motion to compel.

      RFP 1 asks for all documentation establishing that plaintiff's behavior at the segregation unit was so uncontrollable as to warrant the sanction of denying out-of-cell exercise. Defendants objected to the poorly-worded request but provided a copy of all institutional documents regarding the disputed incident and its disposition. *See* Exh. 101, attached to Part 2 of Dkt. 12. There does not appear to be anything else for defendants to provide. Indeed, in his motion to compel plaintiff actually is seeking disclosure of unrelated information, namely documents tending to show that it is not harmful to a prisoner to deny him exercise. Although plaintiff

might be entitled to such information from defendants if plaintiff were to pose a more careful discovery request, it is plaintiff's burden to present such a request in a fashion that is at least clear enough to allow defendants' attorney to figure out what plaintiff really wants. It is not proper to seek such information for the first time in a motion to compel.

RFP 4 asks for documents showing that being denied out-of-cell exercise for any long period of time does *not* cause psychological damage or mental decompensation. Defendants objected on the ground that this request was too broad, vague and burdensome, requiring speculation by the defendants as to what plaintiff really sought. Although defendants probably can deduce what plaintiff seeks in this RFP, I agree that this particular request is too broad and too vague to require an answer because it essentially asks defendants to prove a negative, an irrelevant one at that. It is *plaintiff's* burden to prove that defendants acted with improper intent when they canceled his out-of-cell exercise to punish him; therefore, it would be more logical and relevant for plaintiff to seek information demonstrating that these defendants knew or should have known that denying exercise could or would harm a prisoner but they denied plaintiff his exercise anyway. That said, it would surprise me if defendants had such information, but that's why we conduct discovery. The request for production actually posed does not require any additional answer from the defendants.

In RFP 5, plaintiff asks for any documents showing that he does not suffer from any serious mental health problems. Defendants objected because this request was broad, vague, ambiguous and required speculation. I do not agree that speculation is required, but I do agree that defendants are not required to provide a substantive answer to this particular request. The

2

documents known to the court in this case and plaintiff's other lawsuits tend to show that plaintiff is mentally ill and that defendants are aware of this. It is pointless to ask defendants to provide documents showing that plaintiff is *not* mentally ill.

Plaintiff's three RFAs are aimed at specific defendants and actually are interrogatories. Therefore, it was appropriate for defendants to decline to answer them   If plaintiff wants this information from these defendants, then he should reframe his RFAs as interrogatories and re-serve them.

For the reasons stated above, it is ORDERED that plaintiff's motion to compel discovery is DENIED.

Entered this 10th day of April, 2008.

>BY THE COURT:
>
>/s/
>
>STEPHEN L. CROCKER
>Magistrate Judge